# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GEORGE ALLEN ACREE, )
)
Plaintiff, )
)
v. ) No. CIV-13-290-FHS-SPS
)
NORMAN THYGESEN and )
CHARLES PEARSON, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking unspecified relief for the alleged denial of medical treatment, while he was incarcerated in the Muskogee County Jail. He also raises claims related to his criminal charges that are not proper for a civil rights action and must be presented in a petition for a writ of habeas corpus. The defendants are Muskogee County District Judge Norman Thygesen, Muskogee County Sheriff Charles Pearson, and the "Just Busted Paper."

Defendant Thygeson alleges in his motion that plaintiff's claims against him are barred by absolute judicial immunity. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Furthermore, Judge Thygesen, in his official capacity, is not a "person" for purposes of a Section 1983 claim, because the suit is against the official's office and not against the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Defendant Pearson's motion alleges plaintiff failed to exhaust his administrative

remedies pursuant to 42 U.S.C. § 1997e, and plaintiff's complaint confirms this deficiency (Docket No. 1 at 5). Plaintiff also has failed to allege the personal participation of Sheriff Pearson in the alleged violation of his civil rights, "an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff has not made this showing.

As for the defendant listed as the "Just Busted Paper," plaintiff merely alleges this defendant "is at the Supreme Court," with no further explanation (Docket No. 1 at 3). He has not served this defendant, and the court finds he clearly has not stated a civil rights claim against this entity.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d

1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** plaintiff's claims concerning his criminal prosecution are DISMISSED WITHOUT PREJUDICE, because these issues must be raised in a proper petition for a writ of habeas corpus. All remaining claims are DISMISSED AS FRIVOLOUS. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 14th day of January, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma